UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GLENN R.,[1]

                                    Plaintiff,                    DECISION AND ORDER

-vs-
                                                                 6:20-CV-6288 CJS

COMMISSIONER OF SOCIAL
SECURITY,

                                    Defendant.

_____

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner" or "Defendant") which denied the application of Plaintiff for Social Security Disability Insurance benefits.   Now before the Court is Plaintiff's motion (ECF No. 12) for judgment on the pleadings and Defendant's cross-motion (ECF No. 13) for the same relief.   For the reasons discussed below, Plaintiff's application is denied, and Defendant's application is granted.

## STANDARDS OF LAW

The instant case presents the question of when, and to what extent, the Appeals Council must consider new evidence from a claimant following a denial of benefits by an Administrative Law Judge ("ALJ").   The applicable legal standards are clear:

The Appeals Council shall consider evidence submitted after the ALJ's decision if the petitioner can show "good cause" for not submitting the evidence to the ALJ and that the additional evidence is "new, material, and relates to the period on or

---

[1] The Court's Standing Order issued on November 18, 2020, indicates in pertinent part that, "[e]ffective immediately, in opinions filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), in the United States District Court for the Western District of New York, any non-government party will be identified and referenced solely by first name and last initial."

before the date of the hearing decision." 20 C.F.R. § 404.970(a)(5), (b).

*Tricarico v. Colvin*, 681 F. App'x 98, 102 (2d Cir. 2017).   "New evidence is material if it is both (1) relevant to the claimant's condition during the time period for which the benefits were denied and (2) probative." *Henderson v. Saul*, 788 F. App'x 86, 87 (2d Cir. 2019) (quoting *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (internal quotation marks omitted)).

"[M]edical evidence generated after an ALJ's decision [can] not be deemed irrelevant solely because of timing," as such evidence may indicate that a claimant's condition was more severe in the past than previously thought. *Williams v. Comm'r Soc. Sec.*, 236 Fed.Appx. 641, 644 (2d Cir. 2007) (quoting *Pollard v. Halter*, 377 F.3d at 194; *accord, Suttles v. Colvin*, 654 F. App'x 44, 47 (2d Cir. 2016)

However, evidence pertaining to a time after the period at issue in the ALJ's decision need not be considered if it does not purport to be retroactive. *See, Guerra v. Saul*, 778 F. App'x 75, 77–78 (2d Cir. 2019) ("Guerra submitted to the Appeals Council an assessment done by an occupational therapist and other physician treatment notes from after the relevant time period. None of the new material purported to be retroactive. We agree with the Commission that it did not relate to the relevant period, so it was not material to the ALJ decision."); *see also, Baladi v. Barnhart*, 33 F. App'x 562, 564 (2d Cir. 2002) ("Although the new evidence submitted to the Appeals Council forms part of the administrative record under review, it does so only to the extent that it relates to the time frame encompassed in the ALJ's decision.") (footnote omitted).

Moreover, even when the Appeals Council errs in failing to consider newly-submitted evidence, remand is not required where the new evidence would not have resulted in a different outcome, such as where the evidence is merely cumulative or duplicative of evidence that the

ALJ already considered. *See, Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 40 (2d Cir. 2020) ("Even assuming that the Appeals Council committed legal error by refusing to consider the new evidence reflected in Dr. Lewis's notes, after reviewing the entire administrative record, we remain convinced that the Appeals Council would reach the same conclusion after considering the new evidence.   . . .   [Moreover,] remand is not required if the improperly 'excluded evidence [was] essentially duplicative of evidence considered by the ALJ.' *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010)."); *see also, Tricarico v. Colvin*, 681 F. App'x at 102 ("Even if the Appeals Council erred by rejecting additional evidence, remand is only appropriate where there is a 'reasonable possibility' that this evidence would have influenced the ALJ to decide the disability determination differently. *See Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991) (quoting *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988))).

## FACTUAL and PROCEDURAL BACKGROUND

The reader is presumed to be familiar with the facts and procedural history of this action. The Court will refer to the record only as necessary to address the error alleged by Plaintiff.

Plaintiff applied for disability benefits claiming to be disabled due to a combination of mental and physical impairments, including anxiety, depression, degenerative joint disease of the knee and back, sleep apnea and obesity.   The issue before the ALJ was whether Plaintiff was disabled at any time between the alleged onset date, September 19, 2006, and his last-insured date, June 30, 2012.

On September 18, 2019, the ALJ issued a decision finding that Plaintiff was not disabled at any time during that period.   For purposes of the instant decision, it is sufficient to note that

in considering the medical opinion evidence, the ALJ gave "limited weight" to an opinion from Plaintiff's primary care physician, John Andolina, M.D. ("Andolina").   The "opinion" consisted of a handwritten note stating in its entirety: "4/21/10 Glenn R[.] is under my medical care.   He has a chronic disability related to his right knee that is permanent.   John Andolina, M.D." Tr. 3353, 3413 (duplicate).   About this statement, the ALJ stated:

> On April 21, 2010, Dr. Andolina opined that claimant has a 'chronic disability related to his right knee that is permanent.   I accord limited weight to this opinion. It is vague, not a specific function-by-function assessment, and on a matter reserved to the Commissioner.   The claimant has an impairment that adversely impacts his ability to perform some types of work, but does not warrant additional limitations than those provided above [in the RFC finding].

Tr. 1231.

Following this denial, Plaintiff sought review of the ALJ's decision by the Appeals Council. In support of that application, Plaintiff submitted hundreds of pages of alleged new evidence. Included within that submission was another opinion from Dr. Andolina, dated September 9, 2014, more than two years after Plaintiff's last-insured date.   The note stated in its entirety:

> To Whom it May Concern:
>
> Glenn R[.] is under my medical care.   He has multiple medical problems including complicated chronic right knee pain with a recent right total knee replacement, chronic neck pain secondary to a cervical radiculopathy, severe depression/anxiety and hypertension.   Due to the above medical problems, he is permanently disabled and unable to engage in any substantial gainful activity by reason of a medically determinable physical and/or mental impairment that has lasted for a continuous period of no less than 60 months.   If you have any questions or concerns, please don't hesitate to call.   Sincerely, John Andolina, M.D.

Tr. 1202.   The Appeals Council declined Plaintiff's request for review.   Particularly with regard

to Dr. Andolina's "new" opinion, the Appeals Council stated:

> The [ALJ] decided your case through June 30, 2012, your date last insured.   This additional evidence does not relate to the period at issue as it is dated after the date last insured.   Therefore, it does not affect the decision about whether you were disabled beginning on or before June 30, 2012.

Tr. 2.

In this action, Plaintiff raises a single claim of error, namely, that the Appeals Council erred in failing to consider Dr. Andolina's statement, dated September 9, 2014, in accordance with the treating physician rule.

Defendant opposes Plaintiff's motion for judgment on the pleadings and cross-moves for the same relief, arguing that the ALJ's decision is free of legal error and supported by substantial evidence.

The Court has carefully reviewed and considered the parties' submissions and finds, for the reasons discussed below, that Plaintiff's arguments lack merit and that the Commissioner's decision should be affirmed.

## DISCUSSION

Based on the legal standards set forth earlier, the Court finds that the Appeals Council did not err in declining to consider Dr. Andolina's opinion, since the opinion post-dated Plaintiff's last-insured dated by more than two years, and did not purport to be a retrospective opinion. Moreover, even assuming *arguendo* that the Appeals Council erred in failing to consider the opinion, the error was harmless since the opinion was no more probative than the earlier opinion by Dr. Andolina which the ALJ considered.   Indeed, similar to his earlier conclusion, Andolina's later opinion was vague and pertained primarily to an issue reserved to the Commissioner (*i.e.*,

the question of disability).    Consequently, the Court sees no reasonable probability that Andolina's 2014 opinion would have caused the ALJ to reach a different conclusion. *See, Suttles v. Colvin*, 654 F. App'x 44, 47 (2d Cir. 2016) ("[A]ssuming that the Appeals Council erred, there was nevertheless no reasonable possibility that consideration of Dr. Liotta's report would have altered the ALJ's decision, because the evidence that Dr. Liotta adduced was not materially different from that which was already before the ALJ and the vocational expert when they reached their conclusions.").

CONCLUSION

For the reasons discussed above, Plaintiff's motion (ECF No. 12) for judgment on the pleadings is denied, Defendant's cross-motion (ECF No. 13) for the same relief is granted, and this matter is dismissed.    The Clerk of the Court is directed to enter judgment for Defendant and to close this action.

So Ordered.

Dated: Rochester, New York
       August 23, 2021

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

6